***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Stephenson, with modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner.
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the plaintiff-employee and defendant-employer on 18 July 2001 and 10 January 2002.
3. Defendant-employer is self-insured with Risk Management Service, Inc. as the Servicing Agent.
4. Plaintiff's average weekly wage is $406.49, yielding a compensation rate of $271.01 per week.
5. Plaintiff's personnel records are admitted into evidence as Stipulated Exhibit #2.
6. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit #3:18, 22, 33, 33R and 61.
7. Plaintiff's medical records from the following providers are admitted into evidence as Stipulated Exhibit #4:
(a) Whiteville Medical Associations
(b) Chadbourn Family Practice, and
(c) Trent Neurosurgery.
8. Plaintiff's Recorded Statement from 8 February 2002 is admitted into evidence as Stipulated Exhibit #5.
9. Discovery Responses are admitted into evidence as Stipulated Exhibit #6.
10. The issues to be determined are whether the plaintiff suffered a compensable injury by accident on 18 July 2001 and/or 10 January 2002, and, if so, what, if any, benefits is she entitled. These include penalties, sanctions or attorney fees.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional
 FINDINGS OF FACT
1. At the time of hearing plaintiff was a forty nine (49) year old female who lived in Columbus County, North Carolina. Plaintiff completed through eleventh (11th) grade with no GED. Plaintiff primarily worked in the supermarket industry after farming.
2. In 1999 plaintiff received a job as a baker for defendant. On 18 July 2001 plaintiff was unloading a truck containing packages of chickens. Each package weighed approximately fifty (50) to seventy (70) pounds. As plaintiff pulled up a package, she felt a pull in her back. Plaintiff reported this to Carlyle Suggs, Assistant Manager, and she was subsequently sent for a drug test, which tested negative.
3. Plaintiff continued to work and did not seek medical help because she could not afford it and she feared for her job if she filed a claim.
4. On 10 January 2002 plaintiff was unloading a truck when she tripped over two (2) boxes and fell on her knee. Two workers, Brenda Norton and Reba Long came over when they heard the commotion of plaintiff's fall. Plaintiff immediately complained of back pain. Plaintiff continued to take over-the-counter pain relievers in an attempt to control the pain and keep working.
5. Plaintiff sought treatment from a Physician Assistant at Chadbourn Family Practice on 17 January 2002. Plaintiff had previously received treatment from Dr. Eskander at Chadbourn Family Practice sporadically from 1997 to 2000 complaining of hip, chest and back pain on different occasions. A prior 28 April 1998 MRI showed moderate stenosis at L4-L5, but no herniation. Plaintiff was sent again on 24 January 2002 for a MRI after she complained of back pain again. This MRI showed a herniated disc at L5-S1 causing moderated bilateral theuroforaminal stenosis and effacement of the thecal sac. Plaintiff saw Dr. Eskander on 6 February 2002 who referred her to Dr. Wilfong.
6. Plaintiff came under Dr. Wilfong, a Neurosurgeon's care in February 2002. Dr. Wilfong originally treated plaintiff conservatively, with no improvement. Plaintiff reported her injuries at work to Dr. Wilfong.
7. On 11 March 2002 plaintiff underwent a lumbar laminectomy, medical fasciectomy, foraminotomy and insertion of a BAK cage performed by Dr. Wilfong. Plaintiff continued to remain out of work and continued to experience problems.
8. On 25 July 2002 plaintiff underwent another surgery by Dr. Wilfong to remove additional bone from the dorsal aspect of the spine and also removal of excessive amounts of scar tissue at the previous operative site at L5-S1.
9. Plaintiff improved but still experiences some back and leg pain. Plaintiff received work restrictions from Dr. Wilfong including no bending, squatting, climbing, kneeling, twisting, lifting or crawling. Plaintiff should only walk or stand for ten (10) minutes at a time, no prolonged sitting, and lifting restrictions of ten (10) pounds. Plaintiff is unable to work eight (8) continuous hours.
10. Plaintiff has been unable to work or earn wages from 6 February 2002 and continuing through the present. Dr. Eskander took plaintiff out of work when he saw her that date, gave her a shot for pain and referred her to Dr. Wilfong. The greater weight of the evidence is that plaintiff has not reached maximum medical improvement and is in need of further treatment.
11. Dr. Wilfong opined to a reasonable degree of medical certainty that the incident on July 18, 2001 and the incident on January 10, 2001 resulted in plaintiff's present disability.
12. On February 20, 2002 Dr. Wilfong wrote a letter to Dr. Eskander regarding the plaintiff's condition. The Commission finds that Dr. Wilfong's causation opinion as stated in the February 20, 2002 letter shall be included in the record as this evidence goes to the weight of the evidence and not to the admissibility of the evidence. The undersigned find Dr. Wilfong's opinion to be credible.
13. The competent evidence in the record establishes that the plaintiff sustained traumatic injuries to her back on both July 18, 2001 and on January 10, 2001 which resulted in two herniations and two subsequent surgeries.
 ***********
The foregoing findings of fact, and conclusion of law engender the following additional:
 CONCLUSIONS OF LAW
1. On 18 July 2001 and 10 January 2002 plaintiff sustained compensable injuries to her back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. As a result of plaintiff's compensable injuries, she is entitled to temporary total disability at her compensation rate of $271.01 from 6 February 2002 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants pay all medical expenses incurred by plaintiff as a result of her compensable injuries for so long as such examinations, evaluations and treatments may reasonably be required to effect or cure, give relief or lesson plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
4. Plaintiff is not entitled to attorney fees, nor are defendants subject to sanctions or penalties. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay to plaintiff temporary total disability at a rate of $271.01 per week from 6 February 2002 and continuing until further Order of the Commission. Those amounts which have accrued shall be payable in a lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the lump sum compensation awarded plaintiff in Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be deducted from those sums due plaintiff and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be payable directly to plaintiff's counsel.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injuries on 18 July 2001 and 10 January 2002 when bills for same shall have been submitted to the Industrial Commission according to Industrial Commission procedures.
4. Defendants shall pay the costs.
This the ___ day of February 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
PTY/db